Robins Kaplan LLP
Michael F. Ram, Bar No. (104805)
MRam@RobinsKaplan.com
Susan S. Brown, Bar No. (287986)
SBrown@RobinsKaplan.com
2440 W El Camino Real
Suite 100
Mountain View, CA 94040
Telephone: 650 784 4040
Facsimile: 650 784 4041

Samuel J. Strauss
sam@turkestrauss.com
Turk & Strauss LLP
613 Williamson Street #201
Madison, WI 53703
Telephone: 608-237-1775
Facsimile: 608-509-4423

*Attorneys for Plaintiff*
*Monica Chandler*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Monica Chandler as Trustee of the Chandler Family Trust, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JPMorgan Chase Bank, N.A.; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**1. Violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.)**<br><br>**2. Breach of Contract**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION AND STATEMENT OF FACTS

1.   This case concerns JPMorgan Chase Bank, N.A.'s ("Chase's") violation of California laws requiring a mortgage lender to pay residential mortgage borrowers at least 2% interest on funds held in escrow accounts. Many mortgage lenders, including Defendant, require their customers to maintain an escrow account for the property tax and insurance on the property.

These additional and significant deposits made by the mortgagor to maintain the escrow account are the mortgagor's funds. California law requires that lenders pay at least 2% on these accounts. California Civil Code §2954.8(a) mandates that:

> ***Every financial institution that makes loans upon the security of real property*** containing only a one- to four-family residence and located in this state or purchases obligations secured by such property and that receives money in advance for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property, ***shall pay interest on the amount so held to the borrower. The interest on such amounts shall be at the rate of at least 2 percent simple interest per annum***. Such interest shall be credited to the borrower's account annually or upon termination of such account, whichever is earlier.
>    ….
> ***No financial institution subject to the provisions of this section shall impose any fee or charge*** in connection with the maintenance or disbursement of money received in advance for the payment of taxes and assessments on real property securing loans made by such financial institution, or for the payment of insurance, or for other purposes relating to such real property, ***that will result in an interest rate of less than 2 percent per annum being paid on the moneys so received***.

(Emphasis added.)

2.  Historically, certain mortgage lenders have erroneously claimed that the National Bank Act preempts Cal. Civ. Code §2954.8(a), reasoning that the state statute prevents or significantly interferes with the exercise of national bank powers in contravention of federal law. On March 2, 2018, the Ninth Circuit ruled that the National Bank Act does not preempt state mortgage escrow laws, including the requirement to pay interest on mortgage escrow accounts set forth in Cal. Civ. Code §2954.8(a), and found that banks are required to follow that law. *Lusnak v. Bank of Am., N.A.,* 833 F.3d 1185, 1197 (9th Cir. 2018).

3.  More broadly, with the passage of the Dodd-Frank Wall Street Reform and Consumer Protection Act and its new federal preemption provision, federal agencies and regulators are required to make "case-by-case" analyses of a state's laws on a particular banking practice and their "impact on any national bank that is subject to that law" before issuing regulations preempting the state law. See 12 U.S.C. § 25b(b). To the extent that federal

regulators seek to preempt multiple states' laws, the regulator must also first consult with the Consumer Financial Protection Bureau ("CFPB"). *Id.* Congress has established this arduous path for the making of preemption determinations in an effort to discourage the OCC from making a large number of those determinations on an overbroad scale, to better protect the interests of states and consumers. Plaintiff is informed and believes that the federal regulatory agencies have not issued such case-by-case analyses with respect to California's mortgage escrow account interest law, nor have they consulted with the CFPB to issue regulations mandating a blanket preemption of multiple states' laws.

4. Notably, the Dodd-Frank Act expresses an explicit policy that consumers should retain the interest gained on their escrow accounts. Congress has mandated that "[i]f prescribed by applicable State or Federal law, each creditor shall pay interest to the consumer on the amount held in any impound, trust, or escrow account that is subject to this section in the manner as prescribed by that applicable State or Federal law." 15 U.S.C. §1639d(g)(3). This requirement is in line with regulations of the United States Department of Housing and Urban Development ("HUD"), which state that: "[w]here escrow funds are invested, the net income derived from this investment must be passed on to the mortgagor in the form of interest…. In compliance with any state and/or regulatory agency requirements governing the handling and/or payment of interest earned on a mortgagor's escrow account." HUD Handbook 4330.1, Rev-5, §2-5. As the Act does not preempt state laws that afford "greater protection" than federal finance laws (12 U.S.C. § 5551(a)), Defendant is required to comply with California law. See *Lusnak v. Bank of Am., N.A.,* 833 F.3d 1185, 1197 (9th Cir. 2018).

5. In her capacity as Trustee of the Chandler Family Trust, Plaintiff entered into mortgage contracts with Washington Mutual Bank in respect of four single-family residential

properties located in California. Washington Mutual Bank failed during the financial crisis of 2008, and Defendant JPMorgan Chase acquired its assets, including Ms. Chandler's mortgages. The relevant properties are:

1. 1551 COVENTRY PL
   PALMDALE, CA 93551-4043
   LOS ANGELES COUNTY
   Mortgage Doc # 06-2343141 recorded on 10/23/2006

2. 8805 ELIZABETH LAKE RD
   LEONA VALLEY, CA 93551-7207
   LOS ANGELES COUNTY
   Mortgage Doc # 05-1947416 recorded on 08/15/2005 (and Assignment Doc # 16-0247111 recorded on 03/07/2016)

3. 522 CALLET ST
   PALMDALE, CA 93551-2975
   LOS ANGELES COUNTY
   Mortgage Doc # 07-0983696 recorded on 04/24/2007

4. 9368 YUCCA HILLS RD
   SANTA CLARITA, CA 91390-3455
   LOS ANGELES COUNTY
   Mortgage Doc #05-1003624 recorded on 04/29/2005

(collectively the Chandler Properties).

6. Each of the four mortgage agreements for the Chandler Properties (together, the Chandler Mortgage Agreements) contains boilerplate, adhesive and nonnegotiable terms of the mortgage agreements that require Plaintiff to make payments to an escrow account, held by Defendant:

> Funds for Escrow Items: Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items". At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees and Assessments, if any, be escrowed by the Borrower, and such dues, fees and assessments shall be an Escrow Item.

Notably, the Agreement acknowledges Defendant's obligation to pay interest where required by law. It states: "Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the funds."

7. As required by the Mortgage Agreements, Plaintiff has timely deposited funds into the escrow accounts. But Plaintiff has never received back from Defendant the interest owing on her funds maintained in the escrow accounts.

8. Plaintiff therefore brings this action on behalf of the Chandler Family Trust and all others similarly situated for restitution and reimbursement, damages, injunctive relief and declaratory relief, pursuant to the California Unfair Competition Law ("UCL"), California Business and Professional Code §17200, *et seq.*; and the common law of contract.

## II
## JURISDICTION AND VENUE

9. This Court has personal jurisdiction over the Defendant because Defendant has conducted and continues to conduct business in the State of California, and because Defendant has committed the acts and omissions here complained in the State of California.

10. Venue as to Defendant is proper in this judicial district. Chase is one of the largest mortgage lenders operating in this district, has branches throughout this district, and many of Defendant's acts complained of occurred in this district.

## II
## THE PARTIES

11. Plaintiff is a resident and citizen of the city of Palmdale, California and is the trustee of the Chandler Family Trust, the lawful owner of each of the Chandler Properties and a

party to each of the Chandler Mortgage Agreements.

12. Defendant Chase is one of the largest national banks and one of the largest mortgage lenders in the country. Defendant is a citizen of New York. Defendant enters into and/or maintains residential property mortgage agreements with customers in California for properties located in California, and requires those borrowers to maintain escrow accounts, into which they are obligated to deposit significant funds for the payment of property tax and insurance on their properties. Defendant has systematically and uniformly failed and continues to refuse to pay interest on those funds, in violation of state and federal laws.

13. The true names and capacities of the defendants sued here as DOES 1 through 10 are unknown to Plaintiff, who therefore sues them by these fictitious names. Each of the defendants designated as a DOE may be legally responsible in some manner for the unlawful acts referred to here. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants designated as DOES when their identities become known.

## IV
## CLASS ACTION ALLEGATIONS

14. Plaintiff, in her capacity as Trustee of the Chandler Family Trust, brings this action on behalf of the Chandler Family Trust and the following Class, pursuant to Federal Rule of Civil Procedure 23:

> All mortgage loan customers of Chase (or its subsidiaries), whose mortgage loan is for a one-to-four family residence located in California, and who paid Chase money in advance for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property, and to whom Chase failed to pay interest as required by §2954.8(a) during the four years preceding the date of filing of this complaint. Excluded from the above Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant. The judge assigned to this case and the judge's staff members are also excluded from the Class.

15. Plaintiff reserves the right under Rule 23 to amend or modify the Class

CLASS ACTION COMPLAINT

descriptions with greater specificity or further division into subclasses or limitation to particular issues, based on the results of discovery and further investigation.

16. The members of the Class are so numerous that their individual joinder is impracticable. Because the class members may be identified through business records regularly maintained by Defendant and its employees and agents, and through the media, the number and identities of class members can be ascertained. Members of the Class can be notified of the pending action by e-mail, mail, and by published notice, if necessary.

17. There are questions of law and fact common to the Class. These questions predominate over any questions affecting only individual class members. These common legal and factual issues include, but are not limited to:

- Whether Defendant has systematically violated state and federal law with respect to the disbursement back to mortgage borrowers of the interest accrued on escrow accounts;
- Whether Defendant's conduct violates the unlawful prong of the UCL;
- Whether Defendant's conduct violates the unfairness prong of the UCL;
- Whether Defendant's conduct breached its mortgage agreements with customers;
- Whether Defendant must provide restitution and reimbursement in the amount of interest accrued on escrow accounts to its customers; and
- Whether declaratory and/or injunctive relief is appropriate to prohibit Defendant from engaging in this conduct in the future.

18. Plaintiff's claims are typical of the claims of each member of the Class. Plaintiff, like all other members of the Class, has sustained damages arising from Defendant's violations of the laws alleged here. Her damages are identical in nature to those of the Class.

19. The representative Plaintiff will fairly and adequately represent and protect the interests of the Class members. She has retained counsel who are experienced and competent trial lawyers in complex litigation and class action litigation. There are no material conflicts between Plaintiff and the members of the Class that would make class certification inappropriate. Counsel for the Class will vigorously assert the claims of all Class members.

20. This suit may be maintained as a class action under because questions of law and fact common to the Class predominate over the questions affecting only individual members of the Class and a class action is superior to other available means for the fair and efficient adjudication of this dispute. A class action is superior because the damages suffered by individual class members are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's conduct. Further, it would be virtually impossible for the members of the Class to individually redress effectively the wrongs done to them. Even if Class members themselves could afford such individual litigation, the court system could not. In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from complex legal and factual issues of the case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

21. Plaintiff contemplates the eventual issuance of notice to the proposed Class members setting forth the subject and nature of the instant action. Defendant's own business records and electronic media can be utilized for the contemplated notices. To the extent that any

further notices may be required, the Class Plaintiffs would contemplate the use of additional media and/or mailings.

22. Absent class certification and determination of declaratory, injunctive, statutory and other legal questions on a classwide basis, prosecution of separate actions by individual members of the Class will create the risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the parties opposing the Class or adjudication with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

**FIRST CAUSE OF ACTION**
**(Violation of California Business & Professions Code Sections 17200, *et seq*. –**
**Unfair Competition Law – Unlawful Prong)**

23. Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged.

24. Defendant, through its failure to pay interest as required on the Class members' residential mortgage escrow accounts, has violated California Civil Code §2954.8 and 15 U.S.C. §1639d(g), and contravened the declared legislative policy espoused in the HUD regulations as set forth in HUD Handbook 4330.1, Rev-5, §2-5. This constitutes unlawful conduct within the meaning of California Business & Professions Code Sections 17200, et seq.

25. Plaintiff and the Class members, and each of them, have been damaged by these unlawful practices. Pursuant to California Business and Professions Code § 17200 et seq. Plaintiff, on behalf of herself and all others similarly situated, seeks relief as prayed for below.

**SECOND CAUSE OF ACTION**
**(Violation of California Business & Professions Code Sections 17200, et seq. –**
**Unfair Competition Law - Unfair Prong)**

26. Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged.

27. Defendant's conduct is unfair under the UCL because it has no utility and, even if it did, any utility is outweighed by the gravity of harm to Plaintiff and the Class members. Defendant's practice is also immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits.

28. Plaintiff and the Class members, and each of them, have been damaged by these practices. Pursuant to California Business and Professions Code § 17200 et seq. Plaintiff, on behalf of herself and all others similarly situated, seeks relief as prayed for below.

**THIRD CAUSE OF ACTION**
**(Breach of Contract)**

29. Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged.

30. Defendant was and is bound by the standard form mortgage agreements it entered into with Plaintiff and the Class.

31. Plaintiff and the Class did all, or substantially all, of the significant things that the mortgage agreements required them to do.

32. By failing to pay to Plaintiff and the Class the statutory rate of interest owed on Plaintiff and the Class' escrow accounts, Defendant breached the terms of the agreements requiring it to comply with applicable state and federal law.

33. Plaintiff and the Class members have suffered damages as a result of Defendant's breach of contract.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, demands judgment against and relief from Defendant as follows:

1. An order certifying that this action may be maintained as a class action and appointing Plaintiff and her counsel of record to represent the Class.

2. An order pursuant to California Business and Professions Code §§ 17203 requiring Defendant:

   a. to cease such acts and practices declared by this Court to be an unlawful, or an unfair business act or practice, a violation of laws, statutes, or regulations, or constituting unfair competition; and

   b. to disgorge all profits and compensation improperly obtained by Defendant as a result of such acts and practices declared by this Court to be an unlawful or unfair business act or practice, a violation of laws, statutes, or regulations, or constituting unfair competition and restore them to Plaintiff and the Class.

3. Declaratory relief determining the illegality of Defendant's acts and practices described.

4. Damages under the causes of action for breach of contract.

5. Reasonable attorney's fees and costs, pursuant to California Code of Civil Procedure 1021.5, and other statutes as may be applicable, as well as provided by the contracts.

6. Prejudgment interest.

7. Costs of suit.

8. Such other and further relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial on all issues triable thereby.

CLASS ACTION COMPLAINT

| | |
|---|---|
| DATED:  May 9, 2018 | **ROBINS KAPLAN LLP** |
| | By: _/s/ Michael F. Ram_____ |
| | Michael F. Ram, Bar No. (104805) |
| | |
| | Michael F. Ram, Bar No. (104805) |
| | MRam@RobinsKaplan.com |
| | Susan S. Brown, Bar No. (287986) |
| | SBrown@RobinsKaplan.com |
| | Robins Kaplan LLP |
| | 2440 W El Camino Real |
| | Suite 100 |
| | Mountain View, CA  94040 |
| | Telephone:    650 784 4040 |
| | Facsimile:    650 784 4041 |
| | |
| | Samuel J. Strauss |
| | sam@turkestrauss.com |
| | Turk & Strauss LLP |
| | 613 Williamson Street |
| | #201 |
| | Madison, WI 53703 |
| | Telephone: 608-237-1775 |
| | Facsimile: 608-509-4423 |
| | |
| | **ATTORNEYS FOR PLAINTIFF MONICA CHANDLER AS TRUSTEE OF THE CHANDLER FAMILY TRUST** |